**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| William McCollum, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 4:04-23256-CWH |
| ) | |
| vs. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On December 13, 2004, under 28 U.S.C. § 2255, petitioner commenced this pro se action attacking his guilty plea and sentence. On April 5, 2005, the government filed a motion for summary judgment. On April 7, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure and informing the petitioner that he must adequately respond within 34 days of the date of the order. On April 11, 2005, the petitioner filed a memorandum in support of his petition, and on May 9, 2005, the petitioner responded to the government's motion. This matter is now before the Court for disposition.

On December 5, 2000, a grand jury returned a one count indictment charging the petitioner and another individual with "having two prior convictions for felony drug offenses that had become final, knowingly and intentionally [possessing] with intent to distribute 50 grams or more of cocaine base." The petitioner pled guilty. On October 19, 2002, the Court sentenced the petitioner to 360 months confinement followed by 5 years of supervised release.

On appeal of his sentence, the petitioner raised the following issues: (1) the Court abused its discretion by refusing to consider the petitioner's objection to the drug amounts attributed to

him in the Presentence Report and (2) the Court violated 18 U.S.C. §3553(c)(1) by failing to announce in open court its reasons for imposing a 360 months sentence.  On November 12, 2003, the Fourth Circuit Court of Appeals affirmed the petitioner's sentence holding that: (1) the Court properly refused to consider the petitioner's objection to the drug quantity attributed to him in the Presentence Report; (2) sufficient evidence supported the drug quantity attributed to the petitioner for sentencing purposes[1]; and (3) the Court's failure to state in open court its reasons for sentencing the petitioner was not plain error.  See United States v. McCollum, 80 Fed. Appx. 825 (4th Cir.)(unpublished disposition)(2003).  The Court of Appeals issued its mandate on December 9, 2003.

The petitioner raises the following issues in his original petition: (1) ineffective assistance of counsel, causing a total breakdown in the adversarial process; (2) the government violated the petitioner's right to due process by holding him after arrest without immediate judicial review, (3) the government fabricated the charges and manipulated the petitioner's sentence, and (4) the Court of Appeals wrongfully denied petitioner's motion to file a supplemental pro se appellate brief.   The petitioner raises the following issues in his amended petition: (1) ineffective assistance of counsel for failing to review discovery material, which could have been used to challenge the drug amount attributed to him; (2) violation of United States v. Booker by sentencing petitioner for 319.5 kilograms of powder cocaine without petitioner's admission of the amount; and (3) violation of United States v. Booker by enhancing petitioner's sentence two points for committing the offense while on probation without the

---

[1] The Court of Appeals applied the clearly erroneous standard to the Court's finding as to the quantity of drugs attributable to the petitioner.

petitioner's admission of committing the offense while on probation.

The government contends that this petition is untimely.  The Fourth Circuit Court of Appeals issued its mandate on December 9, 2003.  The petitioner filed this action on December 13, 2004, more than one year after the Court of Appeals issued its mandate.  The Supreme Court has held that judgment is not final until the time to file a petition for a writ of certiorari has expired.  In this case, the petitioner had 69 additional days after the Court of Appeals issued its mandate. Clay v. United States, 537 U.S. 522, 532 (2003).  Therefore, this action is not time barred, and the Court will address the merits of the petitioner's claims.

First, the petitioner claims ineffective assistance of counsel at sentencing.  In a claim of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably

effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claim of ineffective assistance of counsel.

The petitioner claims (1) that counsel's deficient representation caused a total breakdown in the adversarial process; (2) that counsel did not review thousands of pages of discovery which may have contradicted the drug amount attributed to the petitioner; (3) that counsel did not object before sentencing to the amount of drugs attributed to him; and (4) that as a result, the Court did not hear the objection. In his affidavit, counsel states that the assistant United States attorney's reference to over 1,000 pages of discovery stunned him and that he read everything that he received. The petitioner fails to allege what missing or unread information caused unfair prejudice. The Presentence Report attributed 1,002 grams of cocaine base and 319.5 kilograms of powder cocaine to the petitioner. These drug quantities were derived from the petitioner's own statements. Moreover, the Fourth Circuit Court of Appeals scrutinized for clear error the Court's finding as to the drug amounts and held that the petitioner's statements were sufficient to support the findings. The petitioner may not "recast, under the guise of collateral attack,

questions fully considered" on direct appeal by the Fourth Circuit Court of Appeals. Boeckenhaupt v. US, 537 F.2d 1182 (1976). Therefore, the petitioner has not met his burden of proving prejudice resulting from ineffective assistance of counsel, and his claims of ineffective assistance of counsel are without merit.

Second, petitioner claims that the government violated his right to due process by holding him after his arrest on April 2, 2002, without immediate judicial review. In 2000, petitioner was arrested and released in order to organize a controlled cocaine purchase in cooperation with the police. Shortly thereafter, petitioner absconded with police recording equipment and fled to New York, where petitioner was arrested on April 2, 2002, and detained. On April 18, 2002, petitioner made his initial appearance at the District Court in Florence, SC, where bond was set at $250,000. On May 7, 2002, the court held a detention hearing and ordered petitioner to be held as a fugitive pending trial pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). Therefore, through notice of the charges and a hearing, the Court duly accorded petitioner with constitutional due process.

Third, petitioner claims that the government fabricated the charges and manipulated his sentence. Petitioner does not specifically allege how the government fabricated the charges against him. On December 5, 2000, a grand jury returned a one-count indictment charging the petitioner with having two prior convictions for felony drug offenses that had become final, knowingly and intentionally possessing with intent to distribute 50 grams or more of cocaine base. The petitioner pled guilty. Using the 2001 edition of the Sentencing Guidelines, the Court sentenced petitioner for possession with intent to distribute cocaine. For this charge, the Guidelines prescribe a sentence of 292 to 365 months imprisonment for an offense level of 35

and 13 criminal history points.  The Court correctly sentenced petitioner to a term of 360 months followed by five years supervised release.

Fourth, petitioner claims that the Fourth Circuit Court of Appeals wrongfully denied his motion to file a supplemental pro se appellate brief.  This claim was fully considered on direct appeal and the Fourth Circuit Court of Appeals decided against the petitioner.  This Court is bound by the Fourth Circuit's decision on this matter.

Fifth, petitioner claims that the Court violated the principles set forth in United States v. Booker  125 S. Ct. 738 (2005) and Blakely v. Washington, 124 S. Ct. 2531 (2004) in its sentencing.  The Supreme Court, however, clearly stated that its holding in Booker applies "to all cases on direct review."  Booker at 745.  Subsequent to the decision in Booker, the Seventh Circuit has ruled that Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005.  See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005).  Here, the petitioner's case has run its course and his conviction and sentence became final in 2003, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding."  Id.

The Court therefore grants the government's motion for summary judgment and dismisses this petition.

**AND IT IS SO ORDERED.**                    *C. Weston Houck*
                                                                          _____
                                                                          **C. WESTON HOUCK**
                                                                          **UNITED STATES DISTRICT JUDGE**

September 13, 2005
Charleston, South Carolina